# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| PATRICIA LEE, | ) | | |
| | ) | | |
| Plaintiff, | ) | Civil Action No. | 3:14-cv-00748 |
| | ) | | |
| v. | ) | | |
| | ) | Judge: | John T. Nixon |
| ROBINSON, REAGAN & YOUNG, PLLC, | ) | | |
| | ) | Magistrate Judge: | Juliet E. Griffin |
| Defendant. | ) | | |

## **DEFENDANT ROBINSON, REAGAN & YOUNG, PLLC'S ANSWER TO COMPLAINT**

The Defendant, Robinson, Reagan & Young, PLLC (hereinafter "RRY"), by and through its attorney, pursuant to Rule 12 of the Federal Rules of Civil Procedure, respectfully submits this Answer to the Plaintiff's Complaint and specifically states as follows:

1. RRY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint. RRY denies that it has violated the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "the FDCPA").

2. RRY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. RRY admits that the provisions of 15 U.S.C. § 1692k(D) are set forth therein. To the extent that they are inconsistent with the foregoing, RRY denies the allegations contained in Paragraph 3 of the Complaint.

4. RRY admits the allegations contained in Paragraph 4 of the Complaint.

5. RRY admits that the provisions of 28 U.S.C. § 1391(b)(2) are set forth therein. RRY is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint.

6. RRY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. RRY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. RRY admits the allegations contained in Paragraph 8 of the Complaint.

9. RRY admits that the provisions of 15 U.S.C. § 1692a(6) are set forth therein. RRY is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint.

10. RRY admits the allegations contained in Paragraph 10 of the Complaint.

11. RRY admits the allegations contained in Paragraph 11 of the Complaint.

12. RRY admits that, upon information and belief, the alleged debt referenced in Paragraph 12 of the complaint is a debt that the Plaintiff incurred with Nashville Electric Service. To the extent that they are inconsistent with the foregoing, RRY is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint.

13. RRY admits that it placed telephone calls to Plaintiff at the phone number identified in Paragraph 13 of the Complaint.

14. RRY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. RRY admits that on June 18, 2013, it placed a telephone call to Plaintiff at the phone number identified in Paragraph 13 of the Complaint. The June 2013 Telephone Call was apparently answered by a machine leaving a digital outgoing voice message ("the Answering Machine"). To the extent that they are inconsistent with the foregoing, RRY denies the allegations contained in Paragraph 15 of the Complaint.

16. RRY admits that in the June 2013 Telephone Call, Stephanie Stroud, an employee of RRY left a message on the Answering Machine. RRY would further state that the exact content of the message is as follows: "This message is for Patricia Lee. This is Stephanie with Robinson, Reagan & Young. If you would return my call at 726-0902, my extension twenty-three . . . 2310. Again, this message is for Patricia Lee. My number is 726-0902 extension 2310. Thank you." (hereinafter the "Voice Mail Message"). To the extent that they are inconsistent with the foregoing, RRY denies the allegations contained in Paragraph 16 of the Complaint.

17. RRY admits that Stephanie Stroud, an employee of RRY, left the Voice Mail Message in the June 2013 Telephone Call on the Answering Machine the contents of which are set forth in Paragraph 16 of this Answer and which are incorporated herein by reference. To the extent that they are inconsistent with the foregoing, RRY denies the allegations contained in Paragraph 17 of the Complaint.

18. RRY admits that the contents of the Voice Mail Message are set forth in Paragraph 16 of this Answer and which are incorporated herein by reference. To the extent that they are inconsistent with the foregoing, RRY denies the allegations contained in Paragraph 18 of the Complaint. RRY would further state that the FDCPA does not require an entity to disclose that it is a "debt collector" in a voice mail message conveying the information set forth in the Voice Mail Message.

19. RRY admits that the contents of the Voice Mail Message are set forth in Paragraph 16 of this Answer and which are incorporated herein by reference. RRY is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint.

20. RRY denies the allegations contained in Paragraph 20 of the Complaint.

21. RRY denies the allegations contained in Paragraph 21 of the Complaint.

22. RRY denies that the Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692k.

23. RRY denies that the Plaintiff is entitled to recover costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

24. RRY denies that the Plaintiff is entitled to any relief against it in this civil action.

25. RRY denies any allegation in the Complaint not previously admitted, denied, or explained, and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1. RRY asserts that the Complaint fails to state a claim against it upon which relief may be granted.

2. RRY asserts that the Voice Mail Message is not a "communication" as defined by 15 U.S.C. § 1692a(2) in that the Voice Mail Message only conveyed generic information and did not convey information regarding a "debt" as defined by the FDCPA. Accordingly, the FDCPA did not require RRY to provide the disclosure required by 15 U.S.C. § 1692e(11) in the Voice Mail Message. See, *Stewart v. Nathan & Nathan*; Docket No. 2:12-CV-361 (E.D. Tenn. March 12, 2014); *Brody v. Genpact Services, LLC*, ---- F.Supp.2d ----; 2013 WL 5925168 (E.D. Mich. Oct. 28, 2013).

3. RRY asserts that the Complaint does not allege that the content of the Voice Mail Message is false, material or deceptive and, therefore, among other things, the Voice Mail Message does not violate 15 U.S.C. § 1692e(10). The Voice Mail Message is factually correct and does not violate any applicable federal or state law.

4. RRY asserts that any alleged violation of the Federal Fair Debt Collection Practices Act that might have occurred was not intentional and was the result of bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error pursuant to 15 U.S.C. § 1692k(C).

5. RRY asserts that the Plaintiff has not incurred any actual damages as a result of the conduct alleged in the Complaint.

6. RRY asserts that that this civil action is brought in bad faith and for the purpose of harassment and, therefore, upon dismissal of this case, the Court should award RRY attorneys' fees and costs for work expended in defense of this civil action pursuant to 15 U.S.C. § 1692k(A)(3).

**WHEREFORE**, having answered the Complaint against it, the Defendant Robinson, Reagan & Young, PLLC requests that:

1. The Court dismiss the Plaintiff's Complaint and this civil action with the costs taxed to the Plaintiff; and

2. The Court grant Robinson, Reagan & Young, PLLC such other general and further relief as this Court deems appropriate.

Respectfully submitted,

/S/JAMES DAVID NAVE
JAMES DAVID NAVE
**Attorney for Defendant**
**Robinson, Reagan & Young, PLLC**
320 Whitworth Way
Nashville, Tennessee 37205
(615) 430-9511
ddnave2@comcast.net

## CERTIFICATE OF SERVICE

I certify that on this 17th day of April, 2014, I served a copy of the foregoing through the Court's Electronic Case Filing System to Michael J. McNulty, Esquire, Attorney for Plaintiff, McNulty & Associates, 211 Printer's Alley, Suite 400, Nashville, Tennessee 37201.

**/s/James David Nave**
James David Nave