UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| PATRICIA LEE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs ) | Cause No. 3:14-cv-00748 |
| ) | |
| ROBINSON, REAGAN & YOUNG, PLLC, ) | |
| ) | |
| Defendant ) | |

## JOINT INITIAL CASE MANAGEMENT ORDER #1

**(a) Jurisdictional basis**

Jurisdiction of this court arises pursuant to 28 U.S.C. § 1692k(d). Venue is proper pursuant to 28 U.S.C. 1391(b)(2). The jurisdiction of this Court is not disputed.

**(b) Brief factual and legal synopsis**

Plaintiff alleges Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. when it left messages on Plaintiff's answering machine that did not comply with the requirements of the FDCPA. Plaintiff seeks up to $1000 in statutory damages and attorneys' fees and costs pursuant to § 1692k of the FDCPA.

Defendant asserts that the Voice Mail Message is not a "communication" as defined by 15 U.S.C. § 1692a(2) in that the Voice Mail Message only conveyed generic information and did not convey information regarding a "debt" as defined by the FDCPA. Accordingly, the FDCPA did not require the Defendant to provide the disclosure required by 15 U.S.C. § 1692e(11). Furthermore, the Complaint does not allege that the content of the Voice Mail Message is false, material or deceptive and, therefore, among other things, the Voice Mail Message does not violate 15 U.S.C. § 1692e(10). The Voice Mail Message is factually correct and does not violate any applicable federal or state law. Alternatively, Defendant asserts that any alleged violation of the Federal Fair Debt Collection Practices Act that might have occurred was not intentional and was the result of bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error pursuant to 15 U.S.C. § 1692k(C).

**(c) Target trial date and estimated trial time**

The trial is scheduled on May 5, 2015, and the parties estimate 1-2 days for trial.

**(d) Issues resolved and in dispute**

Whether Defendant's actions violated the FDCPA.

**(e)     Counterclaims, cross-claims, third party claims, amended claims, joinder**

Although the parties do not anticipate any of the aforementioned, all motions to amend shall be filed by August 29, 2014,.

**(f)     Deadlines for dispositive motions**

Thirty days after the close of discovery, i.e., by December 22, 2014.

**(g)     Discovery**

The parties expect completing discovery by November 22, 2014, and do not require any limitations to discovery beyond those provided by Federal Rules of Civil Procedure.

**(h)     Stay of discovery**

The parties do not request a stay of discovery.

**(i)     Additional deadlines**

None.

**(j)     Settlement conference and/or ADR**

The parties are hopeful and anticipate resolving this matter without the need for formal resolution.

**(k)     Pending or anticipated issues**

None at present.

**(l)     Subsequent case management conference**

None.

**(m)     Additional matters**

The parties do not have any other matters counsel deem appropriate for inclusion in the joint conference.
       It is so ORDERED.

*Juliet Griffin*
Juliet Griffin, U.S. Magistrate Judge

RESPECTFULLY SUBMITTED,

By: /s/ Michael McNulty
Michael McNulty
McNulty & Associates, PLLC
211 Printers Alley, Suite 400
Nashville, Tennessee 37201
615.829.8250
Michael@mcnultyassociatestn.com
Tennessee Bar Number 025974


By: ***/S/JAMES DAVID NAVE***
JAMES DAVID NAVE
**Attorney for Defendant**
**Robinson, Reagan & Young, PLLC**
320 Whitworth Way
Nashville, Tennessee  37205
(615) 430-9511
ddnave2@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2014, a true and correct copy of the forgoing was electronically filed with the Clerk of the Court using the CM/ECF with service on the following via transmission of Notices of Electronic Filing generated by CM/ECF:

James David Nave
Attorney for Defendant
Robinson, Reagan & Young, PLLC
320 Whitworth Way
Nashville, Tennessee  37205
(615) 430-9511
ddnave2@comcast.net

 /s/ Michael McNulty
Michael McNulty