UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICIA LEE, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:14-cv-0748 |
| | ) Judge Trauger |
| v. | ) |
| | ) |
| ROBINSON, REAGAN & YOUNG, PLLC, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM

Pending before the court are two motions. The plaintiff, Patricia Lee, has filed a Motion for Judgment on the Pleadings (Docket No. 14), to which the defendant, Robinson, Reagan & Young, PLLC ("RRY"), has filed a Response in opposition (Docket No. 17). Also pending is a Motion for Summary Judgment (Docket No. 18) filed by the defendant, to which the plaintiff has filed a Response in opposition (Docket No. 24), and the defendant has filed a Reply (Docket No. 26). For the reasons stated herein, the plaintiff's Motion for Judgment on the Pleadings will be denied and the defendant's Motion for Summary Judgment will be granted in part and denied in part.

# BACKGROUND

In short, this case involves one voicemail message left for the plaintiff, an individual, by the defendant. The plaintiff, Patricia Lee, incurred a utility debt with the Nashville Electric Service and defaulted on that debt. Nashville Electric Service, or some other third-party business entity, placed an account with RRY to collect monies owed on the plaintiff's debt. RRY is a law firm that engages in debt collection practices. On June 18, 2013, an employee of RRY left a voicemail for the plaintiff, identifying herself as an employee of RRY and requesting that the plaintiff return the call.

1

The issue before the court is whether this voicemail constitutes a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA" or "Act"), because RRY's employee did not identify herself as a debt collector in the June 18, 2013 voicemail message. Because one of the pending motions before the court is to be considered only on the basis of the pleadings and the second requires consideration of evidence submitted outside of the pleadings, the court will address the relevant facts and allegations separately as they pertain to each motion.

## THE PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

### I. Rule 12(c) Standard

Any party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) after the pleadings are closed, but early enough not to delay trial. A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards that govern a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Reilly v. Vadlamudi*, 680 F.3d 617, 622-23 (6th Cir. 2012). "For purposes of a motion for judgment on the pleadings, all well-pleaded allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* at 581-82.

It is well settled that Rule 12(c) motion should be granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *Id.* at 582. Accordingly, the court will grant the plaintiff's motion if (1) the admissions in the defendant's Answer entitle the plaintiff to judgment as a matter of law, and (2) the defendant's affirmative defenses do not require factual development. *See, e.g.*, *Founders Ins. Co. v. Bentley Entm't, LLC*, No. 3:12-cv-1315, 2013 WL 3776311, at *8 (M.D. Tenn. July 17, 2013). Finally, on a

2

Rule 12(c) motion, the court may consider documents attached to and referenced in the pleadings without converting the motion into a motion for summary judgment. *Barany-Snyder v. Werner*, 539 F.3d 327, 333 (6th Cir. 2008).

## II.     **The FDCPA**

The FDCPA was enacted to eliminate abusive, deceptive, and unfair debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers. 15 U.S.C. 1692(e). The Act regulates interactions between consumer debtors and "debt collector[s]," defined to include any person who "regularly collects . . . debts owed or due or asserted to be owed or due another." *Id.* §§ 1692a(5)-(6). For instance, the Act prohibits debt collectors from making false representations as to a debt's character, amount, or legal status; communicating with consumers at an "unusual time or place" likely to be inconvenient to the consumer; or using obscene or profane language or violence or the threat thereof. *See* 15 U.S.C. §§ 1692e(2), 1692c(a)(1), 1692d(1)-(2). Courts use the "least sophisticated consumer" standard when assessing whether particular conduct violates the FDCPA. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). The test is objective and is designed to "ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008) (internal citations omitted).

### A.  Sections 1692e(10) and 1692e(11) of the FDCPA

Relevant here is section 1692e of the FDCPA, which forbids debt collectors from conduct that consists of false or misleading representations. The Sixth Circuit has instructed that, to establish a claim under section 1692e, a plaintiff must demonstrate that (1) she is a "consumer"

3

as defined by the Act; (2) the debt arose out of transactions that are primarily for personal, family, or household purposes; (3) the defendant is a debt collector, as defined by the Act, and (4) the defendant violated prohibitions set forth by section 1692e. *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012).

Lee alleges in her Complaint that RRY has violated two provisions of section 1692e and that, based on the face of the pleadings, she is entitled to judgment. The first, section 1692e(10), forbids the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." The second, section 1692e(11), states that it will be a violation of the FDCPA if a debt collector fails to disclose in an initial written or oral communication that (1) the debt collector is attempting to collect a debt and (2) that any information obtained will be used for that purpose. Subsection 11 also requires that a debt collector inform consumers in subsequent communications that the communication is from a debt collector.

The Act defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). "Consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). "Debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money . . . which [is] the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Finally, "debt collector" is defined, with some exceptions, as "any person who uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

4

**III.     Allegations of the Complaint and Answer**

The plaintiff alleges that, prior to her filing of the lawsuit, a third-party business entity placed an account with RRY related to an alleged outstanding debt owed by the plaintiff. The Complaint states that, "upon information and belief," the debt arose from a utility bill that was incurred for personal, family or household use. The plaintiff further alleges that, in connection with attempts to collect the alleged debt, RRY telephoned the plaintiff at her home. In or around June 2013, RRY placed a collection call to the plaintiff and left a message on her answering machine. The text of the answering machine message (the "Message"), which is admitted by the defendant in its Answer, is:

> This message is for Patricia Lee. This is Stephanie with Robinson, Reagan & Young. If you would return my call at 726-0902, my extension twenty-three . . . 2310. Again, this message is for Patricia Lee. My number is 726-0902 extension 2310. Thank you.

The plaintiff alleges that, because the employee did not inform the plaintiff in her message that the call was related to a debt, RRY violated the FDCPA by using deceptive means in an attempt to collect a debt and by failing to disclose in its communication that the message was from a debt collector. The plaintiff seeks statutory damages pursuant to the FDCPA, as well as costs and reasonable attorney's fees.

In its Answer, filed on April 17, 2014, RRY admits that a business placed an account with it to collect a debt but states that it was without knowledge or information sufficient to form a belief as to whether the debt arose from "personal, family, and household use." (Docket No. 8.) The defendant also admits that it placed phone calls to the plaintiff and that, on June 18, 2013, it placed a telephone call to the plaintiff that appears to have been answered by an answering machine. RRY further admits that, in the June 2013 call, Stephanie Stroud, its

5

employee, left the Message on the plaintiff's answering machine. Nevertheless, RRY denies that it violated the FDCPA and that the plaintiff is entitled to any relief in this action.

**IV.     The Plaintiff's Motion for Judgment on the Pleadings**

Lee contends that she is entitled to judgment as a matter of law because RRY has admitted that it left the Message and that, in the Message, RRY did not identify itself as a debt collector.  Consequently, she argues, RRY has admitted to violating section 1692e.

Upon review of the pleadings, the court disagrees.  As the defendant points out, several material elements of the plaintiff's claim are contested on the pleadings, including (1) whether the plaintiff is a "consumer" under the Act; (2) whether RRY is a "debt collector" under the Act, and (3) whether the debt at issue is a "debt" as defined by the Act.  For instance, the Complaint includes only a conclusory allegation that the plaintiff is a "consumer" as defined by the FDCPA.  In its Answer, the defendant pled that it was without information sufficient to form a belief as to the allegation that Lee is a consumer.  Additionally, the defendant admitted in its Answer that it engages in debt collection but pled that is without knowledge as to whether it was a "debt collector" under the FDCPA's definition.  Moreover, from the face of the Answer, it is unclear whether the alleged debt at issue was "incurred for personal, family and household use" because the defendant lacks knowledge to form a belief as to the debt's use.  Indeed, even the Complaint merely alleges that, "upon information and belief," the obligation was incurred for personal, family, and household use.

The pleadings also fail to allege that the Message conveyed any information concerning a debt and, taking the well-pleaded allegations of the Answer as true (as the court must), it is disputed whether the Message constitutes a communication under the Act.  Finally, the court cannot conclude that, from the pleadings alone, the defendant violated section 1692e(10) by

6

engaging in false and deceptive practices and section 1692e(11) by failing to inform a consumer that it was a debt collector in a communication.

For these reasons, the court cannot conclude that, on the face of the pleadings, the admissions of the Answer entitle the plaintiff to judgment pursuant to Rule 12(c). Moreover, the court cannot conclude that the affirmative defenses asserted in the Answer do not require further factual development—including, *inter alia*, RRY's assertion that the Message is not a "communication," RRY's contention that any alleged violation of the Act was unintentional, and RRY's assertion that the plaintiff has not incurred actual damages as a result of the conduct alleged in the Complaint. Accordingly, the plaintiff's Motion for Judgment on the Pleadings is without merit and will be denied.

## THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. Rule 56 Standard

Rule 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a moving defendant shows that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim, the burden shifts to the plaintiff to provide evidence beyond the pleadings, "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the non-moving party." *Moldowan*, 578 F.3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At this stage, "'the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). But "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient," and the party's proof must be more than "merely colorable." *Anderson*, 477 U.S. 242, at 252. An issue of fact is "genuine" only if a reasonable jury could find for the non-moving party. *Moldowan*, 578 F.3d at 374 (citing *Anderson*, 477 U.S. at 252).

**II.     Facts Relevant to the Motion for Summary Judgment**

Sometime before June 18, 2013, an account from a third-party business entity was placed with RRY to collect monies from the plaintiff that are alleged to be owed and past due. With regard to these alleged monies owed, Stephanie Stroud, an employee of RRY, placed a telephone call to the plaintiff on June 18, 2013. The June 18, 2013 call was not answered by a natural person; instead, the call was answered by an answering machine that left a digital outgoing voice message. On that day, Stroud left a message on the answering machine. The exact content of the Message is as follows:

> This message is for Patricia Lee. This is Stephanie with Robinson, Reagan & Young. If you would return my call at 726-0902, my extension twenty-three . . . 2310. Again, this message is for Patricia Lee. My number is 726-0902 extension 2310. Thank you.

**III.    Presence of Genuine Issues of Material Fact**

In order to win summary judgment, RRY must demonstrate that no genuine issue of material fact exists as to at least one essential element of the plaintiff's section 1692e claims. RRY makes two principal arguments in support of its motion. First, RRY contends that, as a matter of law, the Message is not a "communication" as defined by section 1692a(2) because the Message did not "convey information . . . regarding a debt." Accordingly, RRY argues, the

8

Message is not subject to the requirements of section 1692e(11) and RRY was not required to disclose that it was a debt collector in the call. RRY also asserts that it is entitled to summary judgment with regard to the plaintiff's section 1692e(10) claim because no information conveyed by the Message was false or deceptive.

### A. Summary Judgment as to the Section 1692e(11) Claim

It is undisputed that RRY left a message on Lee's machine and that, in the Message, RRY did not identify itself as a debt collector. Accordingly, the bulk of the parties' briefs regarding the pending summary judgment motion is devoted to one question of law: is the Message a "communication" under the Act? If the answer is no, then, as the defendant argues, the Message is not subject to the prohibitions of section 1692e and the defendant is entitled to summary judgment as to both claims. On the contrary, if the Message falls within the scope of the Act, then the defendant's Motion must be denied as to her section 1692e(11) claim.

The text of the Message, which is undisputed, includes only (1) an identification of the plaintiff as the desired recipient ("This message is for Patricia Lee"); (2) an identification of the name of the caller and her employer ("This is Stephanie with Robinson, Reagan & Young"); and (3) a request for a call back ("If you would return my call at 726-0902, my extension twenty-three . . . 2310."). As the parties have extensively briefed, federal courts have reached divided conclusions on the question of whether a voicemail message that does not specifically mention the purpose or subject of its call—like the Message here—constitutes a "communication" under the Act. The defendant asks the court to adopt the finding of a court in the Eastern District of Michigan, which was recently cited by a Tennessee court. *See Stewart v. Nathan & Nathan*, No. 2:12-cv-361, 2014 WL 977979 (E.D. Tenn. Mar. 12, 2014) (citing *Brody v. Genpact Servs., LLC*,

9

980 F. Supp. 3d 817 (E.D. Mich. 2013)). In *Brody v. Genpact Servs., LLC*, the Michigan court analyzed the following voicemail message left for a consumer by a debt collector:

> This message is for Theresa Brody. My name is Kevin Archer calling from Genpact Services. Call me back at 866-544-0753. Again, 866-544-0753 and my name is Kevin Archer and I am calling from Genpact Services. Please call me back. Have a great day.

980 F. Supp. 3d at 819. The court granted the defendant's motion on the pleadings as to the plaintiff's section 1692e(10) and 1692e(11) claims after concluding that the message was not a "communication" under the Act because, by mentioning his employer's name, the defendant did not insinuate any information about the plaintiff's purported debt.

Nevertheless, as the plaintiff points out, many other persuasive authorities have concluded the opposite on the ground that the Act, when read broadly as Congress intended, includes non-specific communications between debt collectors and consumers.. *See, e.g.*, *Ramirez v. Apex Fin. Mgmt., LLC*, 567 F. Supp. 2d 1035, 1041-42 (N.D. Ill. 2008); *Costa v. Nat'l Action Fin. Serv.*, No. CIV. S-05-2084, 2007 WL 4526510, at *5 (E.D. Cal. Dec. 19, 2007); *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006); *Leyse v. Corp. Collection Servs., Inc.*, No. 03 Civ. 8491, 2006 WL 2708451, at *6 (S.D.N.Y. Sept. 18, 2006); *Houseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005); *see also Edwards v. Niagra Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. 2005). Upon review of the Act and the authorities cited by the parties, the court concludes that the Message falls within section 1692a(2)'s definition of "communication." While the message does not specifically include the words "debt" or reference the purpose of the defendant's call, Ms. Stroud identified herself in the Message as the employee of RRY, a law firm. Moreover, it appears undisputed that the Message

was intended as the first phase of an ongoing communication 'regarding a debt.'"[1] *Leyse*, 2006 WL 2708451, at *6.

The court further concludes that its holding is consistent with Congress's intent in enacting the FDCPA—the protection of consumers against debt collectors' harassing conduct. As another court has explained, "[a]ny other interpretation" of section 1692a(2) would "require a claimant to prove, without exception, that the debt collector conveyed *direct* information about the debt" in order to demonstrate a violation of section 1692e. *Ramirez*, 567 F. Supp. 2d at 1041. Indeed, the Federal Trade Commission ("FTC") has, in the past, advocated this broad interpretation of the scope of section 1692e. *See* FTC Staff Commentary on the FDCPA, 53 Fed. Reg. 50097-2, at *4 (Dec. 13, 1988). The FTC explained that, for purposes of the Act, some contacts with consumers can violate the FDCPA because they at least "indirectly" refer to the debt, even if the obligation is not specifically mentioned. As interpreted by the FTC, the words "or indirectly" in section 1692(a)(2) make it clear that "Congress intended a common sense approach to this situation." *Id.*

Finally, the court is unpersuaded by the defendant's argument that, because the FDCPA is silent as to voicemail messages as means for collecting a debt, a voicemail message may not be a communication as defined by the FDCPA. Although the Act has not yet been amended to include certain technological advancements, the defendant has offered no legal or practical authority that would support an exception to section 1692e for more advanced methods of correspondence—particularly not an exception that would permit debt collectors to abuse and harass consumers with technologically-advanced forms of correspondence, so long as there is no express mention of the consumers' debts.

---

[1] There is no evidence in the record that RRY was calling regarding anything other than the alleged debt.

Using the common sense approach advocated by the FTC, the court holds that the Message constitutes a "communication" under the Act. The defendant admits that it failed to identify itself in the Message and, therefore, acted in violation of section 1692e(11). Accordingly, the defendant is not entitled to summary judgment on this claim.

Given the holding of the court as to the scope of section 1692e, the court would find it helpful for the plaintiff to file a motion for summary judgment pursuant to Rule 56(c) and for the parties to brief the merits of the suggested motion.[2] Having ruled that the Message is a "communication" under the Act, it appears to the court that there may not be a genuine dispute of fact as to the plaintiff's section 1692e(11) claim, if evidence supports the remaining elements of her claim. Of course, if there are any other genuine disputes of material fact that would preclude summary judgment for the plaintiff in light of this Memorandum, the parties should identify those as well.

**B. Summary Judgment as to the Section 1692e(10) Claim**

RRY has also moved for summary judgment as to the plaintiff's claim that the Message used a false representation or deceptive means to collect or attempt to collect a debt. In support of its Motion, RRY submitted the Affidavit of Worrick G. Robinson, IV, a managing member of RRY. (Docket No. 18, Ex. 1.) In his affidavit, Robinson states that every piece of information conveyed by the Message is accurate and true. Based on this evidence, the defendant argues, the court must conclude that there is no genuine issue of fact as to the plaintiff's section 1692e(10) claim.

---

[2] Rule 56(f) provides, "[a]fter giving notice and a reasonable time to respond, the court may: . . . . (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." The Advisory Committee Notes on the 2010 Amendments suggest that, "[i]n many cases, it may prove useful first to invite a motion; the invited motion will automatically trigger the regular procedure of subdivision (c)."

In her Response opposing the Motion, the plaintiff offers no evidentiary support for her claim and does not request the opportunity to engage in discovery but, instead, appears to argue that, if the court denies the defendant summary judgment as to the plaintiff's section 1692e(11) claim, it should do the same as to the subsection (10) claim. The court disagrees. At this stage, the court is required to examine the evidence in the record and determine whether a genuine issue of fact exists as to the elements of the plaintiff's claims. With regard to her section 1692e(10) claim, the only evidence in the record—which is uncontested—supports a finding that RRY did not use "false or deceptive" means to collect or attempt to collect a debt. The plaintiff has not cited—nor has the court been able to find—any persuasive legal authority suggesting that a genuine issue of fact as to "false and deceptive" means can be inferred from a generic and factually accurate voicemail message, even if it constitutes a "communication" under the Act and violates section 1692e(11). The plaintiff's mere allegations of a violation of another FDCPA provision are insufficient to support her section 1692e(10) claim to defeat a Rule 56 motion, especially because she has also failed to identify how RRY's conduct was also false or misleading under subsection 10. *See Saltzman v. I.C. Sys., Inc.*, No. 09-10096, 2009 WL 3190359, at *5 (E.D. Mich. Sept. 30, 2009) ("As the plaintiff has failed to allege misconduct other than that asserted to violate another FDCPA provision, such will be deemed deficient under this provision.").

For these reasons, the court cannot conclude from the record that a reasonable jury may find that the defendant engaged in false or deceptive means to attempt to collect the plaintiff's debt. Accordingly, the defendant has met its burden under Rule 56 and is entitled to summary judgment as to the plaintiff's section 1692e(10) claim.

## **CONCLUSION**

For the reasons discussed herein, the court will deny the plaintiff's Motion for Judgment on the Pleadings (Docket No. 14). The court will grant in part and deny in part the defendant's Motion for Summary Judgment (Docket No. 18). As instructed herein, the plaintiff is invited to file a summary judgment motion with regard to her section 1692e(11) claim, in accordance with the court's legal conclusions stated herein.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge