UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICIA LEE, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:14-cv-0748 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| ROBINSON, REAGAN & YOUNG, PLLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the court is the plaintiff's Motion for Fees and Costs Pursuant to Offer of Judgment (Docket No. 35), to which the defendant, Robinson, Reagan & Young, PLLC ("RRY"), has filed a Response in opposition (Docket No. 40), and the plaintiff has filed a Reply (Docket No. 44). For the reasons stated herein, the plaintiff's Motion for Costs and Fees will be granted in part and denied in part.

## BACKGROUND

### I. Procedural Posture

This case is premised upon a single voicemail message left for the plaintiff by the defendant, a law firm that performs debt collecting services. The plaintiff filed two claims against the defendant on March 13, 2014, alleging that the defendant violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA" or "Act"), because RRY's employee did not identify herself as a debt collector in the June 18, 2013 voicemail message. The court dismissed one of the plaintiff's claims on January 26, 2015 upon the defendant's Motion for Summary Judgment. (Docket No. 28.)

On April 3, 2015, the plaintiff, Patricia Lee, filed a Notice of Acceptance of Offer of Judgment. (Docket No. 33.) The Offer of Judgment, sent to the plaintiff pursuant to Rule 68 of

1

the Federal Rules of Civil Procedure, offered the plaintiff an amount of $1001.00, plus costs of the action and a reasonable attorney's fee to be determined by the court. The plaintiff filed this Motion for Attorney Fees and Costs on April 24, 2015. (Docket No. 35.)

## II. Breakdown of Plaintiff's Motion for Recovery of Costs and Fees

According to her Motion, the plaintiff is represented by Michael McNulty, a Tennessee attorney admitted to practice in this court and a member of the Tennessee bar, as well as two non-Tennessee attorneys, Ryan Lee and Adam Hill. Messrs. Lee and Hill are attorneys at the firm of Krohn & Moss, Ltd. ("Krohn & Moss"), which appears to have offices in California, Illinois, Missouri, and Ohio. Krohn & Moss's website represents the firm as a nationwide "consumer law center" that specializes in filing FDCPA and similar consumer actions in various jurisdictions around the country. Neither Mr. Lee nor Mr. Hill claims that he is an attorney licensed to practice in this court; instead, both Mr. Lee and Mr. Hill admit that they are licensed in other states and categorize their time billed on this case as "consulting attorney" work.

In sum, plaintiff seeks an award of attorney's fees for 41.3 hours billed by her three attorneys and one paralegal employed at Krohn & Moss. The plaintiff seeks to recover fees for Mr. McNulty, ostensibly her lead attorney, at a rate of $290.00 per hour for 2.8 hours of work—that is, less than 6% of the work completed on the case. For Messrs. Lee and Hill, who identify themselves as "Non-Tennessee Consulting Attorneys" on their Statements of Services, the plaintiff seeks to recover fees at the rates of $387.00 per hour (Lee) and $290.00 per hour (Hill) for a sum of 38.5 hours of work. The plaintiff also seeks paralegal time performed by Ricardo Teamor at a rate of $145 per hour for 1.8 hours of work.

From the Statement of Services submitted by the plaintiff, it appears that, on November 7, 2013, the plaintiff contacted Mr. Lee at Krohn & Moss to inquire about initiating a lawsuit

against the defendant. In the next four days, Mr. Lee opened a file for the plaintiff and interviewed the plaintiff. On November 11, 2013, Mr. Lee apparently reached out to and retained Mr. McNulty, who is described in the Statement of Services as "local counsel." In the following weeks, Mr. Hill spent over two hours drafting the Complaint and communicating with the client. Mr. Teamor prepared the Summons and Complaint on March 14, 2014, and the attorneys from Krohn & Moss performed apparently all of the substantive work on the plaintiff's case over the next fifteen months until this present time, including (1) analyzing the defendant's Answer and preparing memoranda related to defendant's affirmative defenses; (2) communicating with the client with respect to the defendant's Answer; (3) drafting the proposed joint Initial Case Management Order; (4) corresponding with opposing counsel regarding the joint Initial Case Management Order; (5) drafting interrogatories; (6) preparing a Motion for Judgment on the Pleadings; (7) researching and drafting the plaintiff's Response to the defendant's Motion for Summary Judgment, including the plaintiff's Response to the defendant's Statement of Material Facts; (8) corresponding with opposing counsel with respect to the defendant's Motion for Summary Judgment; (9) preparing the Notice of Acceptance of Offer of Judgment; (10) corresponding with opposing counsel and preparing a fee demand for defendant; and (11) drafting the pending motion for attorney's fees pursuant to the Offer of Judgment. This work by Krohn & Moss's attorneys and paralegal accounts for 40.3 hours of the 43.1 hours of work described by the Statement of Services—close to 93.5% of the total attorney work related to the case.

Conversely, the work performed by Mr. McNulty is limited to 2.8 hours of work, most of which is described as reviewing the substantive work performed by the "Non-Tennessee Consulting Attorneys," Mr. Hill and Mr. Lee. Not one of Mr. McNulty's entries of time on the

Statement of Services indicates that he directly contacted the client or contributed to the litigation strategy; instead, it appears that Mr. Lee and Mr. Hill were solely responsible for keeping the client informed and directing the strategy of the plaintiff's suit.

In sum, the plaintiff seeks recovery of attorney's fees in the amount of $13,993.70, the vast majority of which is related to the services of Messrs. Hill and Lee. The breakdown, taken from the plaintiff's submission to the court, is:

- Mr. McNulty, for 2.8 hours at a rate of $290 per hour—totaling $812.00;
- Mr. Lee, for 18.1 hours at a rate of $387 per hour—totaling $7,004.70;
- Mr. Hill, for 20.4 hours at a rate of $290 per hour—totaling $5,916.00; and
- Mr. Teamor, for 1.8 hours at a rate of $145—totaling $261.00.

(Docket No. 35, Ex. 2.) The plaintiff also seeks recovery of filing and service fees in the amount of $449.00. In sum, the attorney's fees ($13,993.70) and filing fees ($449.00) total $14,442.70.

## **ANALYSIS**

The defendant opposed the plaintiff's Motion on May 15, 2015. The defendant does not dispute that the plaintiff is entitled to the recovery of certain costs pursuant to the FDCPA, including $449.00 in court costs and $812.00 for Mr. McNulty's services as Tennessee counsel. However, the defendant vigorously opposes the award of any fees to Messrs. Lee and Hill. Specifically, the defendant argues that Messrs. Lee and Hill deliberately disregarded the local rules of this court by effectively serving as lead counsel for the plaintiff without seeking admission to this court's bar, *pro hac vice* or otherwise. The defendant argues that, as at least one other federal court has done, this court should sanction Lee and Hill for their noncompliance by denying an award of fees for their services. Alternatively, the defendant contends that the court should award the non-admitted attorneys' fees at a prevailing market rate for non-attorneys

or, at a minimum, adjust Messrs. Lee and Hill's rates downward as a result of their violation of the court's rules.

In her Reply in support of her Motion, the plaintiff asserts that her request for recovery of fees related to her non-Tennessee attorneys is reasonable, citing a Ninth Circuit case analyzing a request for recovery of an out-of-state attorney's fees. The plaintiff admits that neither Mr. Lee nor Mr. Hill sought admission before this court. Nevertheless, the plaintiff argues that she should recover all of the requested attorney's fees because (1) Messrs. Lee and Hill would have been permitted to appear *pro hac vice* before this court if they had filed an application for *pro hac* admission, and (2) the work performed by the Krohn & Moss attorneys was "filtered through and supervised by" Mr. McNulty and, therefore, they were "consultants" and their work is compensable.

The issue before the court, which appears to be novel in this district and within the Sixth Circuit, is whether a plaintiff may recover attorney's fees for work performed by attorneys who performed substantial substantive legal services throughout the action, yet neglected to apply for admission before the court. Upon review of the parties' submissions, this court's local rules, and relevant federal case law, the court concludes that, under these circumstances, the plaintiff cannot.

## I. Rules of Attorney Admission in the Middle District of Tennessee

Congress has instructed that "[t]he Supreme Court and all courts established by Acts of Congress," including United States district courts, may "prescribe rules for the conduct of their business." 28 U.S.C. § 2071. Such rules include Local Rules of Civil Procedure, which generally provide guidelines related to the requirements for attorneys to be admitted to practice before the court. The Middle District of Tennessee's local rule related to the admission of

attorneys is Local Rule 83.01, which limits eligibility for admission to the bar of the court to any "member in good standing of the bar of the State of Tennessee." Rule 83.01 further sets forth procedures for admission to the bar of the court and provides for a limited admission to practice in "a particular case." Local Rule 83.01(d), which governs *pro hac vice* admissions to the court, states that "[a]ny member in good standing of the bar of any other District Court of the United States who is not a resident of this district and who does not maintain an office in this district for the practice of law, may be permitted to appear and participate in a particular case in this Court" subject to certain provisions, including certifying his good standing as a member of the bar of another United States District Court either before the first pleading of the case or the first pleading upon which his name appears. The Local Rules further require that "*any attorney representing a party in a civil action*" file a separate Notice of Appearance with the Clerk of the Court "promptly upon undertaking the representation." LR 83.01(f)(1) (emphasis added). The court further requires that attorneys seeking *pro hac vice* admission pay a fee to the court of $75.

Finally, the Local Rules provide for disbarment and discipline for members of the court or other persons who fail to comply with the procedures set forth by the court. Local Rule 83.01(3) provides that:

> except for as provided by these Rules, any person who, before his admission to the bar of this Court . . . exercises in this Court in any action or in any proceeding pending in this Court any privileges as a member of the bar, or pretends to be entitled to do so, is guilty of contempt of this Court and subjects himself to appropriate punishment therefore.

The purpose of such stringent rules with respect to admission is the court's duty to protect the integrity of its proceedings and the confidence of the public. As the Supreme Court has noted, the Constitution does not assure the right of any lawyer to practice in every court, nor does any other persuasive legal authority. *See Leis v. Flynt*, 439 U.S. 438, 444 n.5 (1979).

6

"Such an asserted right flies in the face of the traditional authority of state courts to control who may be admitted to practice before them." *Id.*

## II. The Plaintiff Cannot Recover Fees for the Non-Admitted Attorneys' Services

Because the Sixth Circuit has not dealt with this specific question, the parties urge the court to look to other courts outside of the Circuit for guidance with respect to whether the plaintiff is entitled to recover attorney's fees for Messrs. Hill and Lee. The defendant urges the court to consider a Pennsylvania district court's recent decision to reject a plaintiff's request for attorney's fees attributed to the same firm as the plaintiff's here—Krohn & Moss—and one of the same attorneys, Mr. Lee. *See Gsell v. Rubin and Yates, LLC*, 41 F. Supp. 3d 443 (E.D. Pa. 2014). In *Gsell*, just as here, the court concluded that the plaintiff in the FDCPA action was "ostensibly represented" by a Pennsylvania-admitted attorney, Jason Rettig, as well as by Mr. Lee, a California-based attorney who works for Krohn & Moss. Just as here, Mr. Lee did not seek *pro hac vice* admission or enter an appearance in the *Gsell* case. However, after a default judgment was entered against the defendant, the plaintiff filed a motion to recover reasonable attorney's fees, including significant hours of work performed by Mr. Lee, who identified himself on the Statement of Services as a "consulting attorney." Also similar to the case before this court, the *Gsell* plaintiff's Statement of Services for which she sought recovery included substantial work by the "consulting attorney," Mr. Lee (6.3 hours), compared to nominal work performed by the admitted attorney, Mr. Rettig (1 hour). The *Gsell* court determined that the appropriate inquiry upon the motion for fees was whether Mr. Lee's work was appropriate as a "consulting attorney," or whether Mr. Lee "actively participated" in the case, which would require *pro hac vice* admission.

The *Gsell* court offered a detailed review of the small universe of federal cases that has addressed the distinction between a "consulting attorney," for whom recovery for legal services

7

might be permitted without admission to the local bar, and a non-admitted attorney acting as lead counsel, for purposes of determining whether such fees are compensable under statutes permitting the recovery of "reasonable attorney's fees." The cases discussed by the Pennsylvania district court in *Gsell* include *Bilazzo v. Portfolio Recovery Assoc.*, 876 F. Supp. 2d 452 (D.N.J. 2012), *Spanos v. Skouras Theatres Corp.*, 364 F.2d 161, 169 (2d Cir. 1966), and *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815 (9th Cir. 2009), the primary case upon which the defendant relies. In sum, each of the cases discussed by *Gsell*—and cited by the plaintiff and defendant here with respect to this motion—draws distinctions between "consulting attorneys," who primarily support a primary attorney and whose work is supervised and filtered through an admitted local attorney, and attorneys who are not admitted to the appropriate court but still serve as a party's primary counsel.

Over fifty years ago in *Spanos*, the Second Circuit addressed a lawsuit dealing with this specific issue. The case involved an action filed by a legal consultant against his former client regarding the division of an award for attorney's fees in the context of New York state law. The Second Circuit noted that New York implements a strong policy against the practice of law in New York by persons not licensed and admitted to practice before the appropriate bar, but distinguished a category of professionals who "merely consult" with local lawyers and operate "under [the other attorneys'] supervision and control," who would be entitled to fees. *Id.* at 165, 167. Because the non-admitted attorney in *Spanos* was not a mere consultant under this description, the Second Circuit reversed the award of attorney's fees to the non-admitted attorney.

Similarly, a district court in New Jersey in 2012 assessed a motion for attorney's fees for services rendered by Krohn & Moss attorneys—the same firm "consulting" on Ms. Lee's

8

FDCPA claims here—who claimed to be "consulting attorneys," yet performed the majority of the work on the case and failed to seek admission to practice before the district court presiding over the case. *Bilazzo*, 867 F.Supp. 2d 459. When the plaintiff sought recovery of her "consulting" attorney's fees and costs, the Statement of Services submitted to the court reflected that the majority of fees sought were related to work performed by the two out-of-state Krohn & Moss attorneys—not the plaintiff's "local lead counsel." The *Bilazzo* court determined that a five-factor test was appropriate to determine whether the out-of-state attorneys had acted in a permissive "consulting" role, which would entitle the plaintiff to recover their fees, or whether the non-admitted attorneys had actively participated in the case in violation of the local rules. The New Jersey district court wrote that, generally, a non-admitted attorney performs a "consulting" role when she: (1) refrains from any direct contact with the client; (2) refrains from any significant contact with opposing counsel; (3) does not sign pleadings or motions filed with the court, and does not draft a substantial portion of the pleadings—specifically the complaint; (4) engages almost exclusively in activities such as reviewing motions, preparing memos, editing documents, discussing litigation strategy with lead counsel, conducting legal research, and the like; and (5) records only a modest number of hours during the course of litigation as compared to that of lead counsel and other attorneys admitted to practice in the relevant jurisdiction. *Id.* at 464.

After applying those factors to the plaintiff's Motion for Fees, the *Bilazzo* court concluded that the out-of-state attorneys had, in reality, served as lead counsel to the plaintiff and reduced the attorney's fees as a sanction for the attorneys' failure to obtain *pro hac vice* admission. The court also noted in a footnote that the attorneys involved in the action—the firm

9

of Krohn & Moss—were specifically on notice of their obligation to abide by the local rules governing attorney admission in the future. *Id.* at 468 n.10.

Using *Bilazzo* as guidance, the *Gsell* court concluded that Mr. Ryan Lee (the same attorney seeking fees here) was not a consulting attorney. The court evaluated the Statement of Services submitted by the *Gsell* plaintiff, which indicated that (1) Mr. Lee had primary contact with the client; (2) Mr. Lee prepared all of the plaintiff's major submissions to the court, including two motions for default and a motion for default judgment; (3) Mr. Lee completed substantial work in the matter independently of the local attorney and, therefore, did not just perform internal research and advise the local attorney; and (4) the substantial hours Mr. Lee recorded (6.3 hours) compared to the local attorney's nominal hours (1.0 hour) strongly suggest that he did not contribute as merely a consulting attorney. Accordingly, the court concluded that Mr. Lee of Krohn & Moss "actively participated" in the case without seeking admission and/or filing a notice of appearance before the court, and, consequently, he had willfully violated the court's local rules. On this basis, the court concluded that Mr. Lee was not eligible to receive attorney's fees in the case.

The similarities between *Gsell* and this case are unmistakable. The Statement of Services filed by the plaintiff (Docket No. 35, Ex. 2) indicates that (1) Mr. Hill of Krohn & Moss was the client's primary (if not sole) contact with respect to the litigation and, in fact, Mr. McNulty appears to have never directly contacted his client; (2) only Messrs. Hill and Lee communicated with opposing counsel, without including Mr. McNulty; (3) Messrs. Hill and Lee drafted all substantive court filings on behalf of the plaintiff, including the Complaint, and appear to have been solely responsible for litigation strategy; (4) the work performed by Messrs. Hill and Lee exceeded any "internal research" or advice to Mr. McNulty and instead, is consistent with

services performed by lead attorneys; and (5) the relative hours of work performed by the Krohn & Moss attorneys (38.5 hours compared to 2.8 hours by Mr. McNulty) strongly suggest that their services substantially exceeded "merely consulting attorney" work.

The court further notes that the Krohn & Moss attorneys were undoubtedly on notice of the important distinction between non-admitted "consultant attorneys" and non-admitted counsel operating in violation of the local rules before they filed this action in 2013 (following *Bilazzo*) and reminded of the distinction before Mr. Lee drafted the pending Motion for Fees and Costs on April 16, 2015 (following *Gsell*). (*See also* Docket No. 35, Ex. 2). Accordingly, the Krohn & Moss attorneys had ample opportunity to comply with the court's local rules before engaging in their inappropriate representation of the plaintiff. Upon review of the record and the submissions of the parties, the court concludes that, again, Krohn & Moss—and specifically, Messrs. Lee and Hill—have willfully violated a district court's local rules with respect to admission.

In a Reply in support of her pending motion, the plaintiff urges the court to grant her request for fees in full, citing *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815 (9th Cir. 2009). The plaintiff argues that, under the circumstances of her case, the *Winterrowd* holding suggests that she is entitled to full recovery of her attorney's fees, including all fees related to the work of the Krohn & Moss attorneys. Upon careful reading of *Winterrowd*, the court concludes that the plaintiff's argument lacks merit.

In *Winterrowd*, the Ninth Circuit Court of Appeals considered whether plaintiffs could recover attorney's fees generated by a member of the Oregon Bar who assisted a member of the California bar in litigation in the Central District of California. The Ninth Circuit instructed that two factors were critical to its decision: (1) whether, if he had applied, the Oregon attorney would have been admitted pursuant to local rules regarding *pro hac vice* admission (*i.e.*—was he

11

a member in good standing of another court); and (2) whether the non-admitted attorney's conduct rose to the level of "appearing" before the California district court. Upon review of the record and factors that parallel those outlined by the *Bilazzo* court, the Ninth Circuit concluded that the Oregon attorney in *Winterrowd* (1) had been retained by local counsel—not the plaintiffs themselves; (2) provided limited services in the form of specialized advice in the area of ERISA law; and (3) did not perform conduct that rose to the level of "appearing" before the district court because he did not sign briefs or communicate with opposing counsel and he had only minimal, nonexclusive contact with the client. Accordingly, the Ninth Circuit held that the non-admitted attorney's fees were compensable, even though he had not sought proper admission before the district court.

The circumstances of the Krohn & Moss attorneys here are in stark contrast to the Oregon lawyer's behavior in *Winterrowd*. Messrs. Lee & Hill, in the plaintiff's Reply in support of her motion, do not dispute that they substantially contributed to the representation of the plaintiff, but they argue that their work was "filtered" through Mr. McNulty and, therefore, they were "merely consultants" on the action. As discussed above, the plaintiff's Statement of Services in the record rebuts the plaintiff's argument. The record demonstrates that Messrs. Lee and Hill served as lead counsel to the plaintiff on this action, yet flagrantly failed to comply with Local Rule 83.01. Because Krohn & Moss was on notice of the court's local rules of admission and has previously been sanctioned for the same violation under nearly identical circumstances, the court concludes that disciplinary sanctions are appropriate. Accordingly, the court will order that the plaintiff cannot recover fees for the attorney services performed by Messrs. Lee & Hill.

**III. The Plaintiff May Recover Reasonable Fees for Work Performed by Mr. Teamor**

The defendant does not contest the plaintiff's request to recover fees for the services of Krohn & Moss's paralegal, Mr. Teamor, but argues that the requested hourly rate for his services, $145 per hour, is unreasonable. It is well settled that "the party seeking attorneys' fees bears the burden of proving the reasonableness of the hourly rates claimed." *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). In support of the $145 hourly rate for Mr. Teamor, the plaintiff submits the "Laffey Matrix," the "United States Consumer Law Attorney Fee Survey Report 2010-2011," and affidavits of Messrs. Lee and Hill that state merely that the time submissions reported for Mr. Teamor in the Statement of Services are accurate.

"To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). "The appropriate rate, therefore, is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007).

The Sixth Circuit has instructed that, when determining whether a requested rate is reasonable, district courts may look to past awards within the district as well as other submissions offered in support of the award, including affidavits and surveys. *See Sykes v. Anderson*, 419 F. App'x 615, 618 (6th Cir. 2011). Here, the defendant argues that past cases before other courts in this district suggest that the requested rate of $145 per hour is unreasonable and that the plaintiff's submissions to the court do not demonstrate that an exception to the market rate should be made. Upon careful review, the court agrees.

First, the court notes that two courts within this district recently concluded that a reasonable rate in this market for professional, non-attorney time is $75.00 per hour. *See McCutcheon v. Finkelstein Kern Steinberg & Cunningham*, No. 3:11-cv-0696, 2013 WL 4521016, at *3-4 (M.D. Tenn. Aug. 27, 2013) (Sharp, J.); *EEOC v. Whirlpool Corp.*, No. 3:06-cv-0593, 2011 WL 3321291, at *3 (M.D. Tenn. Aug. 2, 2011) (Nixon, J.). Additionally, the plaintiff has failed to submit any information to the court to support a finding that a higher rate for Mr. Teamor's services would be reasonable here. The affidavits submitted by the plaintiffs provide no information with respect to Mr. Teamor's experience and skill set and, therefore, the court has no basis upon which to conclude that Mr. Teamor's rates should be higher than other paralegals within this district. Moreover, two surveys submitted by the plaintiff, one of which is 60 pages long and both of which are submitted without guidance or specific argument by the plaintiff, are insufficient to justify higher hourly rates for Mr. Teamor's work. Accordingly, this court will award $75.00 per hour for Mr. Teamor's 1.8 hours of paralegal work.

## **CONCLUSION**

For these reasons, the court will grant in part and deny in part the plaintiff's Motion for Attorney Fees and Costs. (Docket No. 35.) The court will grant the plaintiff's Motion for Attorney Fees and Costs as to Mr. McNulty's 2.8 hours of fees at a rate of $290 per hour, which totals $812.00, and Mr. Teamor's 1.8 hours of paralegal work at the reduced rate of $75 per hour, which totals $135.00. The court will further grant the plaintiff's unopposed request for the recovery of court costs in the amount of $449.00. The court will deny the plaintiff's Motion with respect to the attorney's fees attributed to the services of Messrs. Lee and Hill of Krohn & Moss, Ltd.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge